```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WINDWARD ASSOCIATES CORP., a Florida
corporation,

                Plaintiff,

vs.                                    Case No. 2:08-cv-650-FtM-29DNF

M/Y ESTEREL her engines tackle
equipment, rigging, dinghies,
furniture, appurtenances, etc. a
Cayman Island Documented Vessel,
WILSON YACHT MANAGEMENT (USA), LLC a
Florida Limited Liability Company,

                Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion for Summary Judgment Against the M/Y Esterel (Doc. #23) filed on November 3, 2008. Defendant M/Y Esterel filed a Response (Doc. #25) on November 14, 2008.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party

bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

On or about September 7, 2007, plaintiff Windward Associates Corp. (Windward) presented a proposal for the interior refit of the M/Y Esterel. Defendant Wilson Yacht Management (USA), LLC (Wilson) is the agent for M/Y Esterel who contracted with Windward for interior renovations. (Doc. #1-2.) Windward performed interior renovations to the M/Y Esterel and invoices were rendered. Wilson,

as agent, agreed to perform certain repairs and refurbishment. Wilson paid for work associated with the renovations but did not pay all the invoices issued by Windward. Windward alleges that it possesses a maritime lien for necessaries provided and now seeks to enforce the lien for the sum of $74,644.28 in unpaid invoices. See Verified Complaint (Doc. #1) and Answer and Affirmative Defenses (Doc. #19).

### III.

Plaintiff seeks summary judgment as to the unpaid invoices and has filed the Declaration of Winfield Austin (Doc. #23-2), a corporate representative and records custodian for Windward, and the Declaration of Peter C. Knox (Doc. #23-3), the Managing Partner of Swiftsure Marine. Mr. Austin states that the repairs to the M/Y Esterel commenced in April 2007, with accessible deposits being made by Wilson as work was performed by Windward, until Wilson stopped paying. Mr. Austin states that the unpaid invoices are for fabrication, renovation and/or installation of interior woodwork, upholstered wall panels, and all carpentry related to assisting subcontractors and installation of associated hardware. Mr. Austin states that the items in the unpaid invoices were supplied to the M/Y Esterel at the direction of Wilson. A 15% markup on all materials and $60.00 an hour for labor were charged. Attached to the Declaration are the paid and unpaid invoices. The invoices dated April 27, 2007, through May 5, 2008, were paid and the invoices dated May 12, 2008, through August 4, 2008 were not paid.

Mr. Knox reviewed the unpaid invoices advised that a 15% markup and $60.00 per hour labor charge were reasonable and in accordance with industry standards.

In response, defendant attached the Affidavit of Daniel Guarnieri, Esq. (Doc. #25, p. 10), attorney for defendant, stating discovery had not yet occurred. More specifically, Mr. Guarnieri states that factual issues exist as to the scope of the work authorized, the rate, hours worked, etcetera. Also attached is the Affidavit of Frank Sopkiw (Doc. #10, P. 13), Yacht Manager for Wilson, who was asked by the owner of M/Y Esterel to provide refit management and operational management services. As part of the refit, specific work was authorized. Mr. Sopkiw states the work that was performed and the material provided exceeded the scope of the work authorized and Wilson did not authorize all the work performed.

**IV.**

Under the Maritime Commercial Instruments and Liens Vessel Identification Act, a person has a maritime lien who (1) provides necessaries; (2) to a vessel; (3) on the order of the owner or authorized agent, and may bring a civil action *in rem* to enforce the lien. 46 U.S.C. § 31342(a)[1]. See also Galehead, Inc. v. M/V Anglia, 183 F.3d 1242, 1244 (11th Cir. 1999). A maritime lien can

---

[1] An additional element plaintiff must prove is that the necessaries were provided at a reasonable price. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1249 (11th Cir. 2005).

arise only by operation of law regardless of any agreement between the parties. Vestoil, Ltd. v. M/V M Pioneer, 148 Fed. Appx. 898, 900-01 (11th Cir. 2005). See also Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla, 966 F.2d 613, 615 (11th Cir. 1992)(a vessel is not within the Court's *in rem* jurisdiction until Rule C[2] is complied with). There is no dispute that this Court has *in rem* jurisdiction over the vessel, that M/Y Esterel is a vessel, or that Wilson was the authorized agent for M/Y Esterel. The Court notes that the parties both agree that an agreement in writing was reached, however, only a proposal is attached to the Verified Complaint and no contract has been submitted.

**Necessaries**:

Under 46 U.S.C. § 31301, "necessaries" include "repairs, supplies, towage, and the use of a dry dock or marine railway." "Necessaries are the items that a prudent owner would provide to enable a ship to perform the functions for which she has been engaged and include most goods or services that are useful to the vessel to keep her out of danger and enable her to perform her particular function. [ ] These items may be money, labor, skill, material, or personal services." Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla, 966 F.2d 613, 614 n.2 (11th Cir. 1992)(citing Equilease Corp. v. M/V Sampson, 793 F.2d 598, 603 (5th

---

[2]See Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Cir. 1986)). Plaintiff has not provided an explanation of how the charges on the invoices were in fact "necessaries" except to say that "necessaries" should be given a broad interpretation. This is insufficient for this element.

**Reasonable Price:**

A reasonable charge is measured by what is "customary" and "in accord with prevailing charges for the work done and the materials furnished." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d at 1249 (citations omitted). This burden may be satisfied by witness testimony that the charges were reasonably in accord with industry standards. Id. Plaintiff has provided a Declaration providing that the charges were reasonable based on a cursory review of the unpaid invoices. Defendants have not stated that the rates cited are incorrect or that rates were not charged on the paid invoices. Defendants do however dispute the reasonableness of the charges and the accuracy of the affidavit but have no affidavits or declarations to contradict the Declaration of Mr. Knox without conducting discovery and the deposition of Mr. Knox. Pursuant to Fed. R. Civ. P. 56(f), defendant filed an affidavit stating that it could not present facts in opposition because it was too early in the case. Upon review, the Court agrees and will deny the motion on this basis.

**Owner or Agent:**

Under 46 U.S.C. § 31341(a), "(a) The following persons are presumed to have authority to procure necessaries for a vessel: (1) the owner; (2) the master; (3) a person entrusted with the management of the vessel at the port of supply; or (4) an officer or agent appointed . . . ." As previously stated, the fact that Wilson was acting as the authorized agent for M/Y Esterel is not disputed. Mr. Sopkiw however filed an Affidavit stating that Windward exceeded the scope of the work authorized. Viewing the non-moving's affidavit more favorably, the Court finds a question of fact as to whether there was an order by an authorized person to complete the necessaries precludes summary judgment.

Upon review, the Court finds that summary judgment is not appropriate at this stage of the proceedings. Discovery had not commenced at the time the motion was filed and plaintiff has failed to demonstrate that it is entitled to summary judgment finding Windward has a maritime lien.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Summary Judgment Against the M/Y Esterel (Doc. #23) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of May, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record